Lindsey Specht, Esq.
NJ Attorney ID: 087912013
**DICKINSON WRIGHT PLLC**
1825 I Street, N.W., Suite 900
Washington, DC 20006
Tel:  (202) 659-6949
Email:  lspecht@dickinsonwright.com

*Attorneys for Plaintiff Ontel Products Corp.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------:
ONTEL PRODUCTS CORPORATION,  :
                              : Civil No.
            Plaintiff,  :
                              :
      v.                     : COMPLAINT AND
                              : <u>DEMAND FOR JURY TRIAL</u>
                              :
HOBBY LOBBY STORES, INC., AND  :
JOHN DOES 1-10,  :
            Defendants. :
                              :
-----------------------------------------------------:

## <u>COMPLAINT</u>

Plaintiff Ontel Products Corporation ("Ontel"), having a principal place of business at 21 Law Drive, Fairfield, New Jersey 07004, by its undersigned attorneys, files this Complaint against Defendants: Hobby Lobby Stores, Inc., having a principal place of business at 7707 SW 44th Street, Oklahoma City, Oklahoma

73179; and John Does 1-10 ("Defendants"). In support thereof, Ontel states and alleges as follows:

## I.     <u>INTRODUCTION</u>

1.     This case arises out of the unauthorized use and infringement of Ontel's trademarks to its popular and best-selling children's toy product sold under the Magic Tracks® trademarks. The products include flexible track sets and various vehicles and accessories that travel around the tracks. In violation of federal and state law and in order to capitalize on the clear success of the Magic Tracks® product, Defendants sold from its website www.hobbylobby.com blatant infringing copies of Ontel's product. Exhibit A.

2.     Defendants have advertised, marketed, distributed, and otherwise offered for sale  car and track toy products under the MAGIC TRACK mark.

3.     Defendants' products use the clearly infringing "MAGIC TRACK" mark in connection with an identical toy track set. Defendants' use of the Magic Track trademark and its product copies the look and feel of Ontel's genuine Magic Tracks® product.

4.     Defendants' actions are a clear attempt to counterfeit Ontel's Magic Tracks® mark and trade on the significant goodwill associated with Ontel's Magic Tracks® products, particularly given Defendant Hobby Lobby's knowledge of Ontel's Magic Tracks® products and nearly identical reproduction of the Magic

Tracks® mark and use with an identical product. This infringement is willful and is causing ongoing and irreparable damage to Ontel and consumers.

5.     Defendants' conduct is directly harming Ontel and consumers as the competing products are likely to create a false impression, or to deceive consumers into believing that they derive from Ontel or there is a connection or association between the infringing products and Ontel.  In addition, consumers are likely to attribute poor performance, safety concerns, or any defects in the quality of the infringing products to Ontel.  Defendants' infringing conduct irreparably harms Ontel because it places Ontel's reputation and goodwill out of its control, and diminishes the value of Ontel's valuable intellectual property rights.  The harm to Ontel and to the general public will continue unless Defendants' conduct is enjoined by this Court.

## II.    PARTIES, JURISDICTION AND VENUE

6.     Plaintiff Ontel is a corporation organized under the laws of the State of New Jersey, having a principal place of business at 21 Law Drive, Fairfield, New Jersey 07004.

7.     Defendant Hobby Lobby Stores, Inc. is, on information and belief, a corporation organized under the laws of the State of Oklahoma, having a principal place of business at 7707 SW 44th Street, Oklahoma City, Oklahoma 73179 ("Defendant Hobby Lobby").  Upon information and belief, Defendant Hobby

3

Lobby operates Hobby Lobby retail stores in the United States, including New Jersey, that offers for sale, sells and distributes Defendants' infringing products.

8.    Defendants John Does, 1-10 are unknown entities at this time but upon information and belief, have engaged in and assisted in the infringing conduct set forth herein.

9.    This Court has jurisdiction by virtue of the fact that this is a civil action under the Lanham (Trademark) Act, 15 U.S.C. § 1051 *et seq.* This Court also has pendent jurisdiction over all remaining claims in accordance with 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391.

10.    This Court has personal jurisdiction over the Defendants because they do business in the State of New Jersey and specifically direct their activities toward the residents of the State of New Jersey, including in this District.

### III.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.    ONTEL'S MAGIC TRACKS® PRODUCTS

11.    For over 20 years, Ontel has developed, marketed, and distributed some of the most innovative consumer products on the market, including popular toys, top-selling kitchen utensils, and ground-breaking household items. Ontel's products are sold in nearly every major retail chain in the United States, and in over 30 countries worldwide.

12.    Among the products sold by Ontel are the MAGIC TRACKS®,

MAGIC TRACKS® ROCKET RACERS RC®, MAGIC TRACKS® MEGA EXTREME, MAGIC TRACKS® DINO CHOMP, MAGIC TRACKS® FIRE INFERNO, MAGIC TRACKS® MONSTER TRUCK RALLY, MAGIC TRACKS® POLICE PURSUIT, and MAGIC TRACKS® RC (collectively "Magic Tracks® Products"). The Magic Tracks® Products are a best-selling, award-winning toy product comprising flexible and bendable tracks, vehicles and accessories.

13.    The Magic Tracks® Products were first sold in the United States at least as early as 2016 and have become one of Ontel's best-selling products in the United States and worldwide.

14.    The commercial success of the Magic Tracks® Products began with the 2016 launch of the original Magic Tracks® 200 piece set. Further research and development expanded the track set, resulting in Ontel's launch of additional Magic Tracks® Products, including individual cars, and expanded track sets and theme sets, such as a MAGIC TRACKS® Dino Chomp. Exemplar images showing the Magic Tracks® Products are depicted here:









15.     Ontel's products, including the Magic Tracks® Products, are available

for purchase at many large, popular and common retail stores, including Walmart

and Target and are also available for purchase online through many authorized retailers.

16.    Ontel's Magic Tracks® Products are known to consumers throughout the United States to represent genuine, high-quality goods of Ontel.  Ontel owns the goodwill associated with its intellectual property rights and has invested significant time and resources securing and protecting these rights worldwide.  Ontel's Magic Tracks® Product has been listed as "Amazon's Choice" for car tracks and has obtained a top 5 ranking in the "Toy Vehicle Playset" category, a top 10 ranking in the "Preschool Toy Figure Playset" category, and a top 15 ranking in the "Play Figure Playset" category on Amazon.com.

17.    Ontel has invested millions of dollars in marketing and advertising its Magic Tracks® Products, and as a result, the Magic Tracks® Products are some of the best-selling items in Ontel's portfolio, having generated over 200 million dollars in sales.

18.    Unfortunately, as a result of this success, the Magic Tracks® Products are frequently counterfeited and Ontel has had to expend significant resources combatting knockoff and counterfeit products, as parties like Defendants try to capitalize on Ontel's success with a counterfeit line of products.

**B.    ONTEL'S MAGIC TRACKS® TRADEMARKS**

19.    In addition to owning common law rights in the MAGIC TRACKS®

mark, including the logo design *MAGIC Tracks*, Ontel owns a federal trademark

registration for MAGIC TRACKS® as registered with the United States Patent and

Trademark Office as follows ("Magic Tracks® Mark") (Exhibit B) and uses this

trademark in connection with the sale of Magic Tracks® Products:

| Mark | Registration Details | Goods |
|------|---------------------|-------|
| MAGIC TRACKS | U.S. Reg. Number 5143300<br>Registration Date: February 14, 2017 | IC 028.  Toy building structures and toy vehicle tracks; Toy vehicle track sets and roadways and accessories therefor |

20.    Ontel's registration for the MAGIC TRACKS® Mark is valid and

subsisting and provides prima facie evidence of the validity of the registered mark,

Ontel's ownership of the mark and Ontel's exclusive right to use the registered mark

in commerce on or in connection with the goods identified in the registration.

21.    Ontel has spent significant time, money and resources developing,

marketing, advertising, promoting and selling the Magic Tracks® Products in

interstate commerce and has accrued valuable goodwill associated with the Magic

Tracks Mark.

22.    The Magic Tracks® Mark is well known and widely recognized by the

consuming public as a designation of source of the goods of Ontel.

## C.    DEFENDANTS' INFRINGEMENT

23.    Upon information and belief, Hobby Lobby retail locations contain and offer for sale a wide variety of toy products.

24.    Upon information and belief, Defendant Hobby Lobby operates an online website, <hobbylobby.com>, and Hobby Lobby retail stores in the United States, including New Jersey.

25.    On or around March 2021, Ontel and Defendant Hobby Lobby engaged in discussions concerning a potential arrangement where Defendant Hobby Lobby would sell Ontel's Magic Tracks® products and Defendant Hobby Lobby was provided with information about the Magic Tracks® products, including product designs, product features and pricing information.  Ontel and Defendant Hobby Lobby failed to reach an agreement concerning Defendant Hobby Lobby's ability to offer Ontel's Magic Tracks® products.

26.     Instead of engaging directly with Ontel to offer Ontel's authentic Magic Tracks® products, Defendant has instead offered and sold a knockoff toy track product called MAGIC TRACK.  The infringing products, as obtained from Hobby



Lobby's online website <hobbylobby.com> ("Infringing Products"), are depicted below and at Exhibit A:







27.     The Infringing Products infringe Ontel's Magic Tracks® Mark.

28.     The Infringing Products contain language on the packaging that the Infringing Products are "Distributed by Hobby Lobby, Inc." suggesting that the products were specifically designed for distribution and sale by Defendant Hobby Lobby.

29.     This infringing conduct was deliberate and willful as Defendants were aware of Ontel's Magic Tracks® products based on the prior communications with Ontel, and despite having knowledge of Ontel's trademark rights, Defendants incorporated the "Magic Track" trademark, which is nearly identical to Ontel's Magic Tracks® Mark, and even used a similar color combination as that contained on Ontel's Magic Tracks® Products:

<table>
<tr><td>Ontel's Magic Tracks</td><td>Defendants' Magic Track</td></tr>
<tr><td></td><td></td></tr>
</table>

## COUNT I: VIOLATION OF 15 U.S.C. § 1114 – INFRINGEMENT AND COUNTERFEITING OF FEDERALLY REGISTERED TRADEMARKS

30.     Ontel incorporates all preceding paragraphs of the Complaint as if set forth in full herein.

31.     Defendants have infringed and continue to infringe upon Ontel's

federally registered Magic Tracks® Mark through Defendants' use in commerce of a reproduction, counterfeit, copy, and/or colorable imitation of the Magic Tracks® Mark in connection with the sale, offering for sale, distribution, or advertising of toy track and car products.

32.    As shown herein, Defendants' Magic Track mark which is being used to identify Defendants' products is nearly identical to Ontel's Magic Tracks® Mark.

33.    Defendants have used and continue to infringe upon and counterfeit Ontel's Magic Tracks® Mark without approval, and in a manner that is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin of Defendants' toy track products or as to their affiliation, connection or association with Ontel.

34.    Defendants do not have  permission from Ontel to use Ontel's Magic Tracks® Mark.

35.    Defendants' actions as set forth in this Complaint constitute trademark infringement and counterfeiting in violation of Section 32 of the Lanham (Trademark) Act 15 U.S.C. § 1114.

36.    Defendants' infringement and counterfeiting of Ontel's Magic Tracks® Mark was committed with knowledge that the imitation of Ontel's Magic Tracks® Mark, including by using a similar font and color combination, would cause actual confusion, mistake, or deception of consumers.

37.     Defendants intentionally and willfully infringed and counterfeited Ontel's Magic Tracks® Mark.  Defendants had knowledge of Ontel's Magic Tracks® products and Magic Tracks® Mark based on prior communications with Ontel.

38.     As a result of Defendants' unlawful conduct, Ontel has been damaged, has suffered irreparable harm, and is likely to continue to suffer irreparable harm unless Defendants' actions are enjoined by this Court.

## COUNT II: VIOLATION OF 15 U.S.C. §1125 – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

39.     Ontel incorporates herein all preceding paragraphs of this Complaint as if set forth in full herein.

40.     Defendants are offering for sale, selling and marketing toy products that compete with Ontel's Magic Tracks® Products.

41.     Defendants' use and continued use in commerce of images, words, terms, names, false or misleading descriptions of fact, false designations of origin, and false or misleading representations of fact in connection with Defendants' offering for sale, sale and promotion of Defendants' toy train products bearing the "Magic Track" trademark has caused and is likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of Defendants' products with or by Ontel.

42.     Defendants' unauthorized use in commerce of Ontel's Magic Tracks®

Mark on or in connection with its toy track products constitutes a false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.    Defendants were aware that Ontel owns Ontel's Magic Tracks® Mark and that they were infringing on Ontel's Magic Tracks® Mark.

44.    Defendants' actions were taken with knowledge and with the intent to cause confusion or mistake and to deceive the public as to the source, origin, sponsorship or approval of Defendants' products.

45.    Defendant acted with knowledge and with the intent that their actions would confuse third parties into believing they were purchasing genuine Ontel products or purchasing products associated with, or affiliated or sponsored by, Ontel. Defendants willfully and in bad faith committed such acts with the intent to confuse, mislead, or deceive consumers as to the origin, source, sponsorship, or affiliation of their products and with the intent to trade off of the reputation and goodwill of Ontel. At a minimum, Defendants should have known that their conduct was and is unlawful, that they were unfairly competing with Ontel and committing acts of false designation of origin.

46.    As a direct and proximate result of Defendants' acts of unfair competition and false designation of origin, description and representation, Ontel has suffered injury, including loss of exclusive control over its Magic Tracks® Mark

and damage to the value of its trademarks, reputation and goodwill.

47.    This injury to Ontel is irreparable.  Defendants continue to commit the acts described above, and unless restrained and enjoined, will continue to do so, to Ontel's further irreparable injury.  Ontel's remedy at law is inadequate to compensate it for the injuries inflicted and threatened by Defendants.

## COUNT III:
## UNFAIR COMPETITION IN VIOLATION OF N.J.S.A. § 56:4-1

48.    Ontel incorporates all preceding paragraphs of this Complaint as if set forth in full herein.

49.    Defendants and Ontel sell competing toy track products.

50.    Defendants have engaged in trade and commerce in New Jersey, as described above.

51.    Defendants have willfully and knowingly engaged in unfair acts or practices and unfair methods of competition, including through the bad faith and unauthorized use of the Magic Tracks® Mark and counterfeiting.

52.    Defendants' unfair acts or practices and unfair methods of competition are likely to cause confusion, mistake, or deception as to the source or origin of the Defendants' products or their authorization or sponsorship by Ontel.

53.    Defendants' conduct has caused, and continues to cause irreparable injury to Ontel, including to Ontel's reputation and goodwill.  Ontel has no adequate remedy at law.  Unless such unauthorized use is enjoined, Ontel will continue to be

irreparably harmed.

54.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard of Ontel's rights.

55.    By reason of Defendants' misconduct, Ontel has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT IV: TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW

56.    Ontel incorporates all preceding paragraphs of this Complaint as if set forth in full herein.

57.    Defendants and Ontel sell competing toy track products.

58.    Ontel has continuously and exclusively used in New Jersey and nationally the Magic Tracks® Mark on and in connection with the sale of toy track products since at least as early as 2016.

59.    Defendants have misappropriated Ontel's Magic Tracks® Mark by using them on, or in connection with the sale of, unauthorized toy track products.

60.    Defendants have committed trademark infringement, counterfeiting and unfair competition as described above.

61.    Defendants' trademark infringement and unfair competition is likely to cause confusion, mistake, or deception as to the source or origin of its products and/or authorization or sponsorship of those products by Ontel and, as such, has diverted sales from Ontel.

62.     Defendants' conduct has caused, and is continuing to cause, irreparable injury to Ontel, including lost sales and damage to Ontel's reputation and goodwill, and Ontel has no adequate remedy at law.  Unless such unauthorized use is enjoined Ontel will continue to be irreparably harmed.

63.     Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Ontel's rights.

64.     By reason of Defendants' misconduct, Ontel has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT V: UNJUST ENRICHMENT

65.     Ontel incorporated all preceding paragraphs of this Complaint as if set forth in full herein.

66.     As detailed above, Ontel expended considerable time and resources in creating, developing and maintaining the Magic Tracks® Mark. The undertaking required considerable research, time, strategic planning, and evaluation of market and economic trends, new technologies, innovations and their impact on the toy industry.

67.     By virtue of its significant efforts and labor embodied in the Magic Tracks® Mark, the use of such marks by Defendants conferred a benefit on Defendants, whereby Defendants took their own products, designed them to have the same look and feel as Ontel's genuine products, and sold and promoted those

products under the Magic Tracks® Mark without authorization from Ontel.

68.    But for Defendants' misappropriation of Ontel's intellectual property and associated goodwill, Defendants would have had to expend considerable time and expense in independent research, development, marketing and advertising of their toy products in order to enter the relevant market and directly compete with Ontel.

69.    Defendants have been unjustly enriched by retaining this benefit without providing Ontel any payment.  As a result of Defendants' wrongful acts, Ontel has suffered and will continue to suffer significant commercial, monetary and other damages.

## REQUEST FOR RELIEF

WHEREFORE, Ontel respectfully requests that this Honorable Court:

a)  Enter judgment against Defendants finding that: (i) Defendants have engaged in willful and intentional trademark infringement and counterfeiting in violation of Sections 32 and 43(a) of the Lanham Act (15 U.S.C. §§ 1114 and 1125); (ii) Defendants have engaged in willful and intentional unfair competition in violation of N.J.S.A. § 56:4-1 *et seq*.; (iii) Defendants have engaged in willful and intentional trademark infringement and unfair competition in violation of New Jersey common law; and (iv) Defendants have been unjustly enriched in violation of New Jersey common law;

b) Issue a temporary restraining order and preliminary and permanent injunction prohibiting Defendants and each of their agents, servants, employees, attorneys, and any other persons who are in active concert or participation with it from:

    i.  Infringing upon or counterfeiting Ontel's Magic Tracks® Mark;

    ii.  Engaging in any action to pass off Defendants' products as Ontel products;

c) Requiring Defendants to account for profits;

d) Award Ontel its actual damages, or in the alternative, statutory damages for willful trademark counterfeiting pursuant to 15 U.SC. § 1117(c);

e) Award Ontel an amount equal to Defendants' profits and all damages sustained by Ontel for Defendants' violation of 15 U.S.C. § 1125(a);

f) Award Ontel the costs associated with bringing this action; and

g) Award Ontel interest and reasonable attorneys' fees.

## <u>JURY DEMAND</u>

Plaintiff Ontel Products Corporation hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/ *Lindsey Specht*

Lindsey Specht, Esq.
NJ Attorney ID: 087912013
**DICKINSON WRIGHT PLLC**
1825 I Street, N.W., Suite 900
Washington, DC 20006
Tel:  (202) 659-6949
Email:  lspecht@dickinsonwright.com

Jenny T. Slocum, Esq. (applying *Pro Hac Vice*)
**DICKINSON WRIGHT PLLC**
1825 Eye St. Suite 900
Washington, DC 20006
Tel:  (202) 457-0160
Email:  jslocum@dickinsonwright.com

John S. Artz, Esq. (applying *Pro Hac Vice*)
**DICKINSON WRIGHT PLLC**
350 S. Main Street
Suite 300
Ann Arbor, MI 48104
Tel: (248) 433-7262
Email: jsartz@dickinsonwright.com

*Attorneys for Plaintiff*

Dated: August 29, 2025

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I certify that the matter in controversy is not the subject of any other action

or proceeding pending in any court, or of any pending arbitration or administrative

proceeding.

Dated:  August 29, 2025

Respectfully submitted,

/s/*Lindsey Specht*

Lindsey Specht, Esq.
NJ Attorney ID: 087912013
**DICKINSON WRIGHT PLLC**
1825 I Street, N.W., Suite 900
Washington, DC 20006
Tel:  (202) 659-6949
Email:  lspecht@dickinsonwright.com